**Opinion filed May 8, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00323-CV

_____

## IN THE INTEREST OF Z.D., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 11628-CX**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a final order in which the trial court terminated the parental rights of the mother and the alleged fathers of the child, Z.D.[1] *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2025). We affirm.

After a final termination hearing, the trial court found by clear and convincing evidence that Appellant endangered the child as set forth in Sections 161.001(b)(1)(D) and (E) and caused the child to be born addicted to a

---

[1]Only the mother appealed. To protect the identity of the child, we refer to him by pseudonyms or initials. TEX. R. APP. P. 9.8(b).

controlled substance not legally obtained by prescription pursuant to Section 161.001(b)(1)(Q). *See id.* § 161.001(b)(D), (E), (Q).[2] The trial court further found that termination of Appellant's parental rights was in the child's best interest. *Id.* § 161.001(b)(2).

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a form motion for pro se access to the appellate record. Counsel also advised Appellant of her right to object to counsel's motion to withdraw, and to file a pro se response to counsel's *Anders* brief. *See* TEX. R. APP. P. 6.5. As such, court-appointed counsel has complied with the requirements of *Anders, Schulman*, and *Kelly. See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014)*; In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *see also Anders v. California*, 386 U.S. 738 (1967).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this case, and we agree that Appellant's appeal is frivolous and without merit. With respect to the trial court's endangerment findings in particular, the evidence established that Appellant's pattern of drug abuse, accompanied by related dangers to the child, presented a substantial risk of harm to the child and rendered

---

[2]We note that the legislature has amended Section 161.001(b)(1), which resulted in the renumbering of several provisions. *See* Act of May 16, 2025, 89th Leg. R.S. ch. 211, § 2, 2025 Tex. Sess. Law Serv. 573, 574–75. For instance, and as relevant to the trial court's findings in this case, former subsection (R) is now subsection (Q). The amendments only apply to suits affecting the parent-child relationship that are pending on or after the effective date of the amendments; thus, we apply the law in effect at the time the suit was pending below. *Id.* § 3.

Appellant incapable of parenting. *See In re R.R.A.*, 687 S.W.3d 269, 278 (Tex. 2024); *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009); *see also In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law considerations with respect to appellate review of grounds (D) and (E)).

Although we agree with appellate counsel's conclusion on the merits, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances that are presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). The court held in *P.M.* that, in parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of [all] appeals." *Id.*; *see* FAM. § 107.016(2). In this regard, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

Accordingly, we deny counsel's motion to withdraw, and we affirm the trial court's order of termination.

W. BRUCE WILLIAMS
JUSTICE

May 8, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.